UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

JUL - 2 2007

UNITED STATES OF AMERICA,

      Plaintiff,

v.

GINO WILLIAMS,

      Defendant.

Case No. 02-CR-80958

Hon. John Corbett O'Meara

/

## OPINION AND ORDER DENYING DEFENDANT'S FEBRUARY 26, 2007 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Before this court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. This matter has been fully briefed and, upon careful review of the record, the court is satisfied that vacating, setting aside, or re-sentencing is not necessary. For the reasons set forth below, Defendant's Motion is DENIED.

### BACKGROUND FACTS

Defendant Gino Williams was indicted in 2002 for aiding and abetting in using or carrying firearms during and in relation to the commission of a drug trafficking offense in violation of 18 U.S.C. § 924(c). Defendant was then convicted, by a jury, of one count of using or possessing a firearm in connection with a drug trafficking offense. He was sentenced to 60 months incarceration followed by 36 months of supervised release.[1] Defendant appealed his conviction alleging, among other issues, that the jury instructions

---

[1] It has come to this court's attention that Defendant has been released from physical confinement and is serving his supervised release term. The motion, however, is not moot and for the purposes of his §2255 motion Defendant is still in custody. See Kusay v. United States, 62 F.3d 192, 193 (7th Cir. 1995) (supervised release is a form of custody that may be shortened if defendant prevails on a §2255 motion).

were incorrect. The Sixth Circuit upheld the district court judgment. Defendant then filed a petition for writ of certiorari, which was denied.

Defendant filed the instant motion based upon his assertion that he did not receive effective assistance of counsel during trial and that the jury instructions resulted in a violation of his Fifth Amendment rights. Defendant requests the remainder of his sentence be vacated or set aside.

## LAW AND ANALYSIS

To establish a violation of the right to effective assistance of counsel, Defendant must demonstrate that "counsel's performance was seriously deficient and that this deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient,

> [t]he court must... determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance... . At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 466 U.S. at 690. The defense was prejudiced if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Defendant has failed to establish that his counsel's performance was seriously deficient. Defendant argues that during trial counsel acted ineffectively by failing to object to jury instructions that did not accurately state the law or the elements of the charged offense. The record indicates that Defendant's counsel did, in fact, fail to object to the jury instructions and that the instructions were erroneous. See United States v. Williams, 138 Fed. Appx. 743, 2005 WL 1621090 (6th Cir. 2005). It cannot, however,

be said that but for counsel's failure to object to the jury instructions the result would have been different.

The failure to object to the jury instructions actually benefited Defendant. Although Williams was charged with a "during and in relation to" offense, the jury instructions stated the higher standard of an "in furtherance of" offense. United States v. Combs, 369 F.3d 925, 932 (6th Cir. 2004). It follows that where the jury found that Williams met the "in furtherance of" standard, he would have also met the lower "during and in relation to" standard. Thus the verdict would be the same. Defendant has not shown that, by failing to object to the erroneous jury instruction, his counsel's performance prejudiced his defense.

Defendant also contends that his Fifth Amendment right was denied because he was held to answer to a non-existent offense which was never levied by a grand jury as a result of the erroneous jury instruction. This argument is, in effect, the same argument that was rejected on appeal, where Defendant claimed the jury instructions constructively amended the indictment. An issue raised on appeal cannot be re-litigated in a 28 U.S.C. § 2255 motion absent highly exceptional circumstances. Dupont v. United States, 76 F.3d 108, 110 (6th Cir. 1996). Defendant has failed to present any such circumstances.

It is hereby **ORDERED** that Defendant's February 26, 2007 Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

Dated: July 2, 2007

John Corbett O'Meara
United States District Judge

-4-